UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEREN JADALLAH,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; DANA PRENTINI, Principal of PS 506; ELIBEK VARGAS, Assistant Principal of PS 506,

                Defendants.

1:21-CV-8146 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees that are required to file a civil action in this court or submit an amended IFP application.

    To proceed with a civil action in this court, a plaintiff must either pay $402 in fees – a $350 filing fee plus a $52 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff filed an IFP application, but she has not fully completed it. Plaintiff states in her IFP application that she has been employed in an unspecified position at Brooklyn Blue Feather since May 3, 2021, having been previously unemployed, and earns a gross of $2,179 per month. She also alleges that her husband earns $571 per week. But she does not answer the application's questions asking whether she: (1) has any money in a bank account and, if so, the amount; and (2) has any other assets and, if so, their values.

    Because of Plaintiff's failure to fully answer the questions about her financial status, the Court does not have sufficient information to make a determination concerning Plaintiff's ability

to pay the fees. Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $402 in fees to commence this action, or complete, sign, and submit the attached amended IFP application in which she must fully disclose her financial status by clearly answering all of the application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:21-CV-8146 (LTS). If the Court finds that Plaintiff now possesses the funds to pay the fees, she may be required to do so.

If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.[1]

SO ORDERED.

Dated: October 5, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] Plaintiff alleges that she resides in Brooklyn, that she was employed at a public school in Brooklyn, and that the events giving rise to her claims occurred at that school. Brooklyn lies within Kings County, in the Eastern District of New York. *See* 28 U.S.C. § 112(c). It therefore appears that the United States District Court for the Eastern District of New York would be a proper venue for this action. If Plaintiff would like to request that this action be transferred to that court, she may do so, in writing, when responding to this order.