UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
SHEREN JADALLAH,

      Plaintiff,

  -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION, DANA PARENTINI, ELIBELK
VARGAS,

      Defendants.
------------------------------------------------------------ x

**REPORT AND RECOMMENDATION**
21 Civ. 6390 (DG) (VMS)

**Vera M. Scanlon, United States Magistrate Judge:**

  Plaintiff Sheren Jadallah ("Plaintiff") commenced this pro se action[1] against the New York City Department of Education ("DOE") and individual defendants Ms. Dana Parentini and Ms. Elibelk Vargas, alleging, inter alia, violations of (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); (3) 42 U.S.C. § 1981; (4) the New York State Human Rights Law, N.Y. Exec. Law § 296 ("SHRL"); and (5) the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 ("CHRL"). See ECF No. [2]. Before the Court is the individual defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. See ECF No. [17].[2] The Honorable Diane Gujarati referred the motion to this Court for a report and

---

[1] This Court granted Plaintiff in forma pauperis ("IFP") status. ECF No. 5.

[2] Defendants raise numerous arguments relating to the DOE, but the DOE has not appeared and has not moved to dismiss. The Court does not address these arguments as they are not properly raised in this motion.

1

recommendation. For the following reasons, I respectfully recommend that the District Judge grant the motion with leave to replead as discussed below.

I.   **Background**

The following facts are derived from Plaintiff's Complaint and are assumed to be accurate for the purposes of the motion. See ECF No. [2] at 8–9 (pdf pagination).

On March 22, 2016, Plaintiff began work as a probationary special education teacher with the DOE at P.S. 506 in Sunset Park, Brooklyn. See id. ¶ 1. Plaintiff self-identifies as "Arab/Muslim," and disabled, due to her "anxiety and depression." Id. ¶¶ 3, 15. Plaintiff's supervisors were individual defendants Ms. Parentini, the Principal of P.S. 506, and Ms. Vargas, the Assistant Principal; Plaintiff identifies them both as "Caucasian or Hispanic." Id. ¶ 4. Plaintiff scored "Effective overall ratings" in yearly performance reviews from 2016 to 2019. Id. ¶ 2. In October 2019, Ms. Parentini and Ms. Vargas informed Plaintiff that she "would be most likely granted tenure or an extension of probation." Id. ¶ 6.

On November 4, 2019, Plaintiff received "an unjustified disciplinary letter" from Ms. Vargas. Id. ¶ 7. Ms. Vargas would, on unspecified occasions, "yell at [Plaintiff] or disrespect [Plaintiff] in front of other teachers," worsening Plaintiff's anxiety. Id. ¶ 5. Plaintiff complained to Ms. Parentini about this treatment.[3] Id. On November 11, 2019, Plaintiff suffered an anxiety attack from Ms. Vargas's "continuous harassment," forcing her to take an ambulance to the hospital. Id. ¶ 8. Ms. Vargas "further discriminated"

---

[3] Plaintiff states in her Division of Human Rights complaint that she lodged a report or complaint on November 1, 2017, but she does not specify if it was the same complaint she made to Ms. Parentini or what her November complaint concerned. ECF No. [2] at 17 (pdf pagination).

2

against Plaintiff by not sending someone with Plaintiff in the ambulance "contrary to normal procedure."  Id.  Ms. Vargas would also not include Plaintiff on emails to other third- and fourth-grade teachers.  Id. ¶ 9.  Plaintiff was diagnosed with stress-related anxiety due to her job.  Id.  On November 26, 2019,[4] Plaintiff suffered another anxiety attack, this time while being observed by Ms. Parentini for a performance review.  Id. ¶ 10.

In her January 26, 2021 charge to the New York State Division of Human Rights, Plaintiff claimed that "[o]ther 3rd and 4th grade Hispanic teachers [were] treated better than [Plaintiff] as far as observations and disciplinary letters[.]"  ECF No [2] at 17 (pdf pagination).  On the present motion, Plaintiff alleges in her opposition brief and affidavit—although not in her complaint—that beginning in the 2018–2019 school year, Ms. Vargas "began harassing [Plaintiff] with negative evaluations, excessive classroom visits" and requiring her to observe other teachers for professional development, including one teacher with whom she was "coached for 3 sessions."  ECF No. [23] at 2.  Plaintiff claims that these professional development sessions are reflected in a "log of assistance" filed by Defendants in support of their motion to dismiss, which shows that Plaintiff attended 29 professional development sessions from October 2018 to November 2019.  Id. at 2; see ECF No. [19-4].  Plaintiff's "observation ratings would be worse" than "other teachers [Plaintiff] was sent to observe" even though "we both used the same lesson."  ECF No. [23] at 2.  In her opposition brief and affidavit, although,

---

[4] Although Plaintiff states in her complaint that this panic attack occurred "[o]n November 26, 2017," this appears to be an error.  ECF No. [2] ¶ 10.  Her opposition reports that the attack occurred on November 26, 2019, as does her affidavit.  ECF Nos. [22], [23].

again, not in her complaint, Plaintiff alleges that her overall ratings were "Effective," but an unnamed "Asian probationary teacher . . . with poor ratings was granted tenure." ECF No. [23] at 4. Plaintiff elaborates that an "Asian probationary teacher who was Catholic received worse ratings than [Plaintiff] but was granted tenure when [Plaintiff] was not." ECF No. [22] at 11.

On January 6, 2020, Ms. Parentini gave Plaintiff an "Ineffective" rating based on the November 26, 2019 observation. ECF No. [23] ¶ 19. On January 17, 2020, Plaintiff received a notice of discontinuance from P.S. 506. Id. ¶ 20. Plaintiff's opposition papers include a March 4, 2020 email from Plaintiff to Ms. Parentini, in which Plaintiff asked why she did not receive an extension of her probationary period, ECF No [23] at 7–8, and letters from parents of Plaintiff's students praising her ability as a teacher, id. at 9–12. Plaintiff's employment with the DOE was terminated on March 17, 2020. ECF No. [2] ¶ 12. She subsequently worked at a DOE pre-K recreational center from March 23, 2020 to April 15, 2020. Id. ¶ 13.

Plaintiff claims that she has been unable to find employment with the DOE "[s]ince [her] discontinuance." Id. ¶ 14. Although she was nominated for an elementary school teaching position at P.S. 1 in Brooklyn on September 30, 2020, Plaintiff learned that she was "flagged" on October 1, 2020, and the nomination did not proceed. Id.

Plaintiff alleges in a single sentence in her complaint that Defendants terminated her employment "based on [her] Arab/Muslim ethnicity" and disability, retaliated against her by blocking her from subsequent job opportunities with the DOE, failed to accommodate her disability, and harassed her. Id. ¶ 15. She further alleges that she has "a claim for tenure by estoppel" because of her work at the DOE pre-K recreational

center.  Id.  Plaintiff requests injunctive relief in the form of being rehired, accommodated for her disability, and granted tenure, and she seeks compensation for lost wages, attorney's fees,[5] and "emotional distress damages for [] PTSD[.]"  Id. at 6.

Plaintiff filed a charge with the New York State Division of Human Rights on January 26, 2021, and she received her notice of right to sue from the EEOC on July 6, 2021.  Id. at 6, 10–17 (pdf pagination).  On October 1, 2021, Plaintiff filed this action in the Southern District of New York, which transferred it to this Court.  ECF No. [6].

II.  Discussion

    a.  **Rule 12(b)(6) Legal Standard**

"A complaint will survive a motion to dismiss so long as it 'contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face.'"  Mandala v. NTT Data, Inc., 975 F.3d 202, 207 (2d Cir. 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In making that assessment, courts "accept all [the plaintiff's] factual allegations . . . as true and draw all reasonable inferences in [their] favor."  Menaker v. Hofstra Univ., 935 F.3d 20, 30 (2d Cir. 2019).  "Specific facts are not necessary[,]" and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted));  Port Dock & Stone Corp. v. Oldcastle Ne., Inv., 507 F.3d 117, 121 (2d Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Although this plausibility pleading standard is forgiving, a court

---

[5] Plaintiff seeks attorney's fees but is proceeding without an attorney in this case.

5

is not required to credit "legal conclusion[s] couched as . . . factual allegation[s]" or "naked assertions devoid of further factual enhancement." Mandala, 975 F.3d at 207 (quoting Iqbal, 556 U.S. at 678 (internal quotation marks & brackets omitted)).  This Court is obliged to liberally construe pro se complaints.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citing Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001) ("when [a] plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally")).

### b. Claims Against Individual Defendants

#### i. Title VII And ADA Claims

Individual defendants cannot be found liable under Title VII or the ADA.  See Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) (Title VII); Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995) ("Accordingly, we hold that an employer's agent may not be held individually liable under Title VII."); Corr v. MTA Long Island Bus, 27 F. Supp. 2d 359, 370 (E.D.N.Y. 1998), aff'd, 199 F.3d 1321 (2d Cir. 1999) (dismissing ADA claims against individual defendants "[i]n light of Tomka, and the overwhelming authority in the Second Circuit construing Tomka as prohibiting individual liability under the ADA").  Plaintiff acknowledges the lack of coverage for individual liability and states that she "do[es] not dispute that individually named Defendants are not liable under the ADA and Title VII[.]" ECF No. [22] at 8.  It is therefore respectfully recommended that the ADA and Title VII claims against the individual Defendants be dismissed.

### ii. Section 1981 Claims

Although Plaintiff asserts § 1981 claims against the individual Defendants, 42 U.S.C. § 1983 provides "the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." Jett v. Dall. Indep. Sch. Dist., 491 U.S. 701, 735 (1989); Duplan v. City of New York, 888 F.3d 612, 616 (2d Cir. 2018) ("[Section] 1983 provides the sole cause of action available against state actors alleged to have violated § 1981."). Plaintiff's complaint does not mention § 1983 or its elements; instead, it pleads exclusively and only briefly that she is entitled to § 1981 relief. See ECF No. [2] at 4. Defendants move to dismiss the § 1981 claims for failure to state a claim, and Plaintiff does not oppose Defendants' argument that § 1981 does not provide her with a private right of action. See ECF No. [22] at 17–18. Because Plaintiff failed to address the basis for Defendants' motion to dismiss her § 1981 claims, those claims may be deemed abandoned and dismissed for that reason alone. See Porter v. Port Auth. of NY & NJ, No. 15-Civ.-3558 (RPK) (SJB), 2022 WL 991978, at *7 n.1 (E.D.N.Y. Mar. 31, 2022) ("Since [plaintiff] offered no defense of his Section 1981 claim in his opposition brief, that claim is abandoned.").

### A. Discrimination

Even if Plaintiff's claims were generously construed as an attempt to shift towards a § 1983 claim, she fails to plausibly plead such a claim. See Mandala, 975 F.3d at 207. In a § 1983 employment discrimination cases, "a plaintiff must plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 86–88 (2d Cir. 2015). Plaintiff

7

was obliged to plausibly allege facts that "give plausible support to a minimal inference of discriminatory motivation." Littlejohn v. City of New York, 795 F.3d 297, 311 (2d. Cir. 2015); Owens v. City of New York Dep't of Educ., No. 21-Civ.-2875, 2022 WL 17844279, at *3 (2d Cir. Dec. 22, 2022) (granting summary judgment on § 1983 religious discrimination claim because plaintiff failed to demonstrate "an inference of pretext" for her termination). Plaintiff established that she suffered an adverse action, namely her termination from P.S. 506, but her complaint claims that her termination was discriminatory only in a conclusory fashion and fails to plausibly allege facts to show that any of the alleged personal characteristics such as her race or religion were a motivating factor. ECF No. [2] at 8–9; see Ashcroft, 556 U.S. at 678; Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (holding that plaintiff's "recitation of a false syllogism" that she was a member of a protected class and "something bad happened to [her] at work" failed to state a claim). Absent facts supporting an inference of discrimination, Plaintiff fails to state a claim.

### B.  Hostile Work Environment

Plaintiff similarly does not state a hostile-work-environment claim. Although Plaintiff claims that she received acrimonious treatment from Ms. Vargas, "[e]ven when a plaintiff establishes that she was exposed to an objectively and subjectively hostile work environment, she will not have a claim [under § 1983] . . . unless she can also demonstrate that the hostile work environment was caused by animus towards her as a result of her membership in a protected class." Bermudez, 783 F. Supp. 2d at 578 (internal quotation marks omitted). As stated above, Plaintiff provides few details as to her encounters with Ms. Vargas, alleging only that Ms. Vargas would "yell at" or

8

"disrespect" her and that Ms. Vargas excluded her from conversations with some of the teaching staff.  ECF No. [2] ¶ 5.  Plaintiff states only in a conclusory manner that this treatment was "based on [her] Arab/Muslim ethnicity."  Id. ¶ 15; see Ashcroft, 556 U.S. at 678.  Lacking factual allegations of racial or religious animus, Plaintiff fails to state a hostile-work-environment claim under § 1983.  Littlejohn, 795 F.3d at 311; Weinstein v. New York City Dep't of Educ., No. 16-Civ.-3118 (ILG) (RER), 2017 WL 2345640, at *3 (E.D.N.Y. May 30, 2017) (granting motion to dismiss where plaintiff failed to allege "at least minimal support for the proposition that the employer was motivated by discriminatory intent" (internal quotation marks omitted)).

Although Plaintiff's complaint does not include sufficient information as to her alleged mistreatment either directly or by comparison with other employees to plead her claim, she does include some relevant information in her opposition memorandum.  See ECF Nos. [22], [23].  For example, Plaintiff states that she was given excessive professional development sessions and worse observation ratings in those sessions compared with other teachers even when they "used the same lesson," although she does not distinguish between herself and other teachers by race, ethnicity or religion.  ECF No. [23] at 2.  Plaintiff further alleges that although her overall teacher ratings were "Effective," an unnamed "Asian probationary teacher who was Catholic received worse ratings than [Plaintiff] but was granted tenure when [Plaintiff] was not."  ECF Nos. [22] at 11, [23] at 4.

Because these allegations were not included in Plaintiff's complaint, they may not be considered now in review of the motion to dismiss.  See Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir.1999) ("In considering a motion to dismiss for failure to state a

9

claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint."); Peacock v. Suffolk Bus. Corp., No. 14-Civ.-4479 (LDW) (AKT), 2015 WL 1849870, at *5 (E.D.N.Y. Apr. 23, 2015) ("It is well-settled that a plaintiff cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." (alterations in original) (internal quotation marks omitted)).  Had Plaintiff included this material in her complaint, the Court's analysis may have been different.  Given that Plaintiff may include this and similar information in an amended complaint, the Court respectfully recommends that she be allowed to replead her § 1983 discrimination and hostile-work-environment claims.

### C.    Retaliation

"[F]or a retaliation claim under § 1983 to survive a . . . motion to dismiss, the plaintiff must plausibly allege that: (1) defendants acted under the color of state law, (2) defendants took adverse employment action against him, (3) because he complained of or otherwise opposed discrimination."  Vega, 801 F.3d at 91.  Although Plaintiff claims that she complained on at least one occasion to Ms. Parentini about Ms. Vargas's tendency to "yell at [Plaintiff] or disrespect [Plaintiff] in front of other teachers," she does not allege that she complained about Ms. Vargas discriminating against her or that the alleged DOE flag was retaliation for that single complaint.  See ECF Nos. [2] ¶ 5, [22] at 15–17.  These pleadings are insufficient to sustain a § 1983 retaliation claim.  Vega, 801 F.3d at 91 ("Retaliation occurs when an employer takes action against an employee . . . because he engaged in protected activity—complaining about or otherwise opposing discrimination.").  As Plaintiff may be repleading her § 1983 discrimination and

hostile-work-environment claims, the Court respectfully recommends that she be permitted to replead the § 1983 retaliation claims as well.

### iii. SHRL And CHRL Claims

Plaintiff's SHRL and CHRL claims suffer from similar deficiencies to the § 1983 claims described above and should also be dismissed with leave to replead.

### A. SHRL Discrimination Claims

First, Plaintiff's SHRL racial and religious discrimination claims are subject to the same standards as her § 1983 discrimination claims and should be dismissed for the same failure to adequately allege that her termination was motivated by her race or religion. See Hagan v. City of New York, 39 F. Supp. 3d 481, 505 (S.D.N.Y. 2014) (noting that § 1983 discrimination and retaliation claims are subject to the same analysis as discrimination and retaliation claims under the SHRL). To the extent that Plaintiff alleges a SHRL discrimination claim based on her depression and anxiety disorders, disability discrimination claims under the SHRL "require a plaintiff to plead that he was subject to adverse action by his employer because of his disability[.]" Forgione v. City of New York, No. 11-Civ.-5248, 2012 WL 4049832, at *5 (E.D.N.Y. Sept. 13, 2012); Owens, 2022 WL 17844279, at *2 (granting summary judgment on disability discrimination claim where plaintiff failed to establish a discriminatory motive outside of "stray, ambiguous remarks" and the fact that her supervisor was aware of the alleged disability). Plaintiff alleges in her complaint that she suffered panic attacks at work, ECF No. [2] ¶¶ 8, 10, but she does not state facts to support that her termination was because of her disabilities. She therefore fails to state a SHRL disability discrimination claim. Given, however, that Plaintiff's SHRL discrimination claims rely on similar facts

11

to those supporting the § 1983 claims, it is respectfully recommended that the Court permit Plaintiff to replead the SHRL discrimination claims.

### B. CHRL Discrimination Claims

Discrimination claims under the CHRL are analyzed "separately and independently" because the CHRL must be construed "broadly in favor of discrimination plaintiffs" even where the "challenged conduct is not actionable under federal and state law[.]" Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). "[E]ven under the liberal construction of the CHRL," a plaintiff must raise an inference of discrimination. Camarda v. City of New York, No. 11-Civ.-2629 (RRM) (VMS), 2015 WL 5458000, at *6 (E.D.N.Y. Sept. 16, 2015), aff'd sub nom. Camarda v. Selover, 673 F. App'x 26 (2d Cir. 2016). Plaintiff states that she suffered discrimination, ECF No. [2] ¶ 15, but Plaintiff's failure to plausibly allege facts to support that her termination was due to enmity for Plaintiff's race, religion or disability means that her CHRL claims must be dismissed as well. See Mihalik, 715 F.3d at 110 (holding that a CHRL claim requires a "showing that the conduct is caused by a discriminatory motive"); Ortiz v. Standard & Poor's, No. 10-Civ.-8490 (NRB), 2011 WL 4056901, at *3 (S.D.N.Y. Aug. 29, 2011) ("Plaintiff has failed to state a viable claim for relief under either [SHRL or CHRL] because he does not plead sufficient facts to state a plausible claim that [the defendant] took any adverse action against him because of" his membership in a protected class outside of conclusory statements (emphasis in original)); Forgione, 2012 WL 4049832, at *5 (holding that CHRL disability discrimination claims, as with SHRL claims, require "require a plaintiff to plead that he was subject to adverse action by his employer because of his disability"); see also

12

Owens, 2022 WL 17844279, at *2–3 (granting summary judgment motion because, even under the more liberal standards of the CHRL, a plaintiff must establish a discriminatory motive). Given that Plaintiff may be repleading her SHRL discrimination claims, however, it is respectfully recommended that the Court permit Plaintiff to replead the CHRL discrimination claims as well.

### C. SHRL Hostile-Work-Environment Claim

Plaintiff fails to state a SHRL hostile-work-environment claim. See Freud v. New York City Dep't of Educ., No. 21-Civ.-2281 (MKV), 2022 WL 889213, at *10 (S.D.N.Y. Mar. 25, 2022) ("Hostile work environment claims are subject to the same standard whether alleged under Title VII, Section 1983 or the SHRL."). Because Plaintiff fails to state a discriminatory motive for her alleged mistreatment, it is respectfully recommended that her SHRL hostile-work-environment claim be dismissed. Id. Because Plaintiff's SHRL hostile-work-environment claim relies on the same facts as those supporting her § 1983 hostile-work-environment claim, it is respectfully recommended that the Court permit Plaintiff to also replead her SHRL hostile-work-environment claim.

### D. CHRL Hostile-Work-Environment Claim

Plaintiff fails to state a claim under the CHRL because she does not allege that the alleged harassment was motivated by her race, religion or disability. See Fincher v. Depository Tr. & Clearing Corp., 604 F.3d 712, 724 n.10 (2d Cir. 2010) (holding that, even acknowledging the lower bar to state a hostile-work-environment claim under the CHRL, plaintiff did not state a claim because she "failed even to present evidence giving rise to an inference of any discrimination at all"); Ortiz, 2011 WL 4056901, at *4 n.10

13

("[P]laintiff's hostile work environment claim must be dismissed because it fails to state a claim under even the more permissive [CHRL] standard—that is, plaintiff does not show that he experienced disparate treatment <u>because of</u>" his membership in a protected class (emphasis in original)).  Plaintiff describes Ms. Vargas speaking Spanish so that Plaintiff "could not understand what she was saying to [her] colleagues."  ECF No. [2] ¶ 4.  The CHRL is not, however, "a general civility code" able to punish employers for being "overbearing or obnoxious" without "showing that the conduct is caused by a discriminatory motive."  <u>Mihalik</u>, 715 F.3d at 110; <u>Owens</u>, 2022 WL 17844279, at *2–3.  Although Ms. Vargas's alleged tendency to exclude Plaintiff from conversations may be rude, Plaintiff does not allege facts to support her conclusory claim of it being discriminatory in nature.  <u>Mihalik</u>, 715 F.3d at 110.  She therefore fails to state a hostile-work-environment claim under the CHRL.  As Plaintiff may be repleading her SHRL hostile-work-environment claim, it is respectfully recommended that the Court permit Plaintiff to replead her CHRL hostile-work-environment claim.

### E. SHRL Retaliation

Plaintiff's SHRL retaliation claims should be dismissed for the same reasons given for her § 1983 retaliation claims above, namely that she does not connect the alleged retaliation to any protected conduct.  <u>See</u> <u>Hagan</u>, 39 F. Supp. 3d at 505.  Because Plaintiff may be repleading her SHRL discrimination claims and hostile-work-environment claims, the Court respectfully recommends that she be permitted to replead her SHRL retaliation claim as well.

### F. CHRL Retaliation Claim

The "retaliation inquiry under the CHRL is broader" than under the SHRL. Rozenfeld v. Dep't of Design & Const. of City of New York, 875 F. Supp. 2d 189, 208 (E.D.N.Y. 2012), aff'd, 522 F. App'x 46 (2d Cir. 2013) (quoting Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 723 (2d Cir. 2010)). "[R]ather than requiring a plaintiff to show an adverse employment action, it only requires him to show that something happened that was reasonably likely to deter a person from engaging in protected activity." Id. (internal quotation marks omitted). Under that standard, Plaintiff fails to state a CHRL retaliation claim for the same reason that she fails to state a § 1983 or SHRL retaliation claim; namely, that she does not allege that she complained to Ms. Parentini that Ms. Vargas was discriminating against her or that she was denied a job at a different school because of that complaint. See Ya-Chen Chen v. City Univ. of New York, 805 F.3d 59, 76 (2d Cir. 2015) (holding that a CHRL retaliation claim requires a showing that the defendants "engaged in some prohibited conduct and that their decision to do so was caused at least in part by . . . retaliatory motives" (internal quotation marks omitted); Brightman v. Prison Health Serv., Inc., 108 A.D.3d 739, 741, 970 N.Y.S.2d 789, 792 (2013) (granting motion for summary judgment where plaintiff failed to show that the alleged adverse actions were "linked to a retaliatory motivation" as required by the CHRL). Because the Court recommends permitting Plaintiff to replead her CHRL discrimination claims and hostile-work-environment claims, the Court respectfully recommends that she be permitted to replead her CHRL retaliation claim as well.

III.   **Conclusion**

For the foregoing reasons, it is respectfully recommended that the Court grant the individual defendants' motion to dismiss pursuant to Rule 12(b)(6) with leave to file an amended complaint within 30 days of the date this Report and Recommendation is adopted, if it is, to the extent that Plaintiff can file an amended pleading that addresses the legal issues detailed above.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" unless the defects in the complaint are such that repleading would be "futile." (internal quotation marks omitted)).

Each party has fourteen days to serve and file an objection or objections to this Report and Recommendation.  Failure to timely object will waive any right to appeal to the District Court or the Court of Appeals.

The Court will file this Report and Recommendation on ECF for service on the individual defendants and mail the Report and Recommendation to Plaintiff at her address on the docket.

Dated:  Brooklyn, New York
　　　　January 3, 2023

*Vera M. Scanlon*
_____
VERA M. SCANLON
United States Magistrate Judge